UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

WAYNE ROSE,

                Plaintiff,                **ORDER**
                                                        **09 CV 4645 (NGG)(LB)**

        - against -

TONY CHIN,

                Defendant.
-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

On August 24, 2010, plaintiff filed a motion for default judgment against defendant Tony Chin. (Document 22.) In an abundance of caution, the Court provided defendant one last chance to appear and ordered defendant to show cause why he has failed to respond to the amended complaint. (Document 23.) The Court warned defendant if he failed to show good cause by September 24, 2010, the Court would enter a default judgment against him in this case.

Defendant responded to the Court's Order on September 24, 2010. (Document 26.) Defendant explained that plaintiff has previously filed four actions in federal and state court against him based on the same underlying events and all of the actions have been dismissed in defendant's favor. In light of these prior dismissals and this Court's Order dated August 11, 2010 directing plaintiff to show cause why this action should not be dismissed for failure to prosecute, defendant presumed that the Court would dismiss this action *sua sponte*. Defendant also states that plaintiff's motion for default judgment was never served upon him. Defendant requests permission to file a late answer, *nunc pro tunc*, to plaintiff's amended complaint.

It is well established that default judgments are disfavored and "there is a strong public policy favoring resolving disputes on the merits." Pecarsky v. Galaxiworld, 249 F.3d 167 (2d

Cir. 2001). Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." After a default has been entered against a defendant and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). When, as in this case, default has not been entered by the Clerk of the Court and the defendant opposes plaintiff's motion for default judgment, the Court must apply the standard for setting aside an entry of default under Rule 55(c). See Raheim v. New York City Health Care and Hosp. Corp., No. 96-CV-1045, 2007 U.S. Dist. LEXIS 59573, at *8 (E.D.N.Y. Aug. 14, 2007). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." According to the Second Circuit, good cause "should be construed generously." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1991).

In determining whether to set aside a defendant's default, the Court should principally consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001). The Court may also consider relevant equitable factors, including whether the failure to appear "was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" Brown v. Gabbidon, No. 06-CV-8148, 2007 U.S. Dist. LEXIS 35134, at *8 (S.D.N.Y. May 15, 2007) (quoting Enron Oil Corp., 10 F.3d at 96). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96.

Although defendant Chin did not timely respond to the amended complaint, there has been no discovery in this case.[1] Therefore, plaintiff has suffered no prejudice as a result of defendant's failure to respond. Moreover, the Court accepts defendant's explanation that his failure to appear was a mistake made in good faith which was not willful. Defendant also suggests a meritorious defense to plaintiff's claim. Finally, as a matter of equity, it would be unfair to grant default judgment to plaintiff at this juncture, instead of allowing defendant, who is willing to defend the action, to respond to the amended complaint. Accordingly, plaintiff's motion for default judgment is denied. Defendant shall respond to the amended complaint by October 18, 2010.

On September 29, 2010, plaintiff filed a second motion for default judgment. This submission shall be docketed by the Court. While labeled as a "Notice of Motion," plaintiff's submission merely opposes defendant's response to the Order to Show Cause. Plaintiff's opposition has been considered by the Court, but it does not alter the Court's decision to deny plaintiff's motion for default judgment.

SO ORDERED.

/Signed by Judge Lois Bloom/

LOIS BLOOM
United States Magistrate Judge

Date: October 1, 2010
Brooklyn, New York

---

[1] Plaintiff brought this action against Equifax Credit Information Services, Inc. and Tony Chin. Before any response was filed to the amended complaint, plaintiff voluntarily dismissed the action with prejudice as to Equifax Credit Information Services, Inc. (Document 16.)